

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00005-CV

BARRY WION,

Appellant

v.

JANIE COCKRELL, ANN BYROM,
J. MISSILDINE, A.R. MASSINGIL, AND
KELLI WARD,

Appellees

From the 52nd District Court
Coryell County, Texas
Trial Court No. COT-02-34470

## MEMORANDUM OPINION

Barry Wion, a prison inmate, sued several prison employees,[1] Ann Byrom, J. Missildine, A.R. Massingil, and Kelli Ward, (the TDCJ employees) for damages stemming from a disciplinary procedure regarding the damage of an overdue library book checked out to Wion. This suit was originally filed in 2002. The trial court

---

[1] Janie Cockrell was also sued but the final order indicates that she had been dismissed previously from the suit. Wion does not challenge her dismissal from the suit.

rendered an order and final judgment granting the TDCJ employees' motion to dismiss and motion for summary judgment. Wion appeals, and we affirm.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his first issue, Wion contends that the trial court erred in refusing to issue findings of fact and conclusions of law in the underlying case. The underlying case was disposed of by summary judgment. A party is not entitled to findings of fact and conclusions of law following summary judgment. *Ikb Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997). Accordingly, the trial court did not err in refusing to issue findings of fact and conclusions of law. Wion's first issue is overruled.

## FINAL ORDER

In his second issue, Wion argues the trial court abused its discretion or otherwise erred when it issued its order and final judgment. Under this issue, Wion includes eight sub-points.

### *Summary Judgment Standard of Review*

In its "Order and Final Judgment" the trial court granted what it called the TDCJ employees' "Second Amended Motion to Dismiss and Motion for Summary Judgment."[2] Wion's suit was dismissed with prejudice as frivolous, and the TDCJ employees were granted judgment as a matter of law.

We review a trial court's decision to grant or to deny a motion for summary judgment de novo. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d

---

[2] The document that the TDCJ employees filed was titled as a second amended motion for summary judgment only. However, upon examining the motion, we find that the employees also asked for a dismissal.

184, 192, 199 (Tex. 2007).   Under the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law.   TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985).   In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.   *Nixon*, 690 S.W.2d at 548-49.

### § 1983 Claims

In his first amended original petition, Wion alleges many claims under 42 U.S.C. § 1983.   Section 1983 provides as follows:

> "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . . "

42 U.S.C. § 1983 (emphasis added).   Neither a State nor its officials acting in their official capacities are "persons" under § 1983.   *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835 (Tex. 2007).

#### Qualified Immunity

Wion contends that the trial court erred when it found he failed to state material facts that would overcome the TDCJ employees' qualified immunity defense.   Qualified immunity cloaks a government agent from personal liability for discretionary acts

which do not violate well-established law.  *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *Streetman v. Jordan*, 918 F.2d 555, 556 (5th Cir. 1990). Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the "objective legal reasonableness" of the action assessed in light of the legal rules that were "clearly established" at the time it was taken.  *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).  No longer is a subjective test of good faith, *i.e.* that the official acted with subjective malice, used in determining whether an official is entitled to qualified immunity.  *Saldana v. Garza*, 684 F.2d 1159, 1164 n. 15 (5th Cir. 1982).  The contours of the right alleged to have been violated must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  *Id*. at 640.

Byrom was the librarian who initiated charges against Wion when he failed to timely return a book which, when returned, was damaged.  Missildine was the disciplinary officer who held the disciplinary hearing, found Wion guilty, and assessed $19.95 in damages against Wion.  Massingil was the assistant warden who denied Wion's Step 1 grievance.  Kelli Ward was the administrator who denied Wion's Step 2 grievance.  She also then reversed Missildine's decision, finding that the Unit failed to show that Wion was responsible for the damage to the book, ordered Wion's disciplinary report deleted, and ordered the money damage amount credited back to Wion's inmate account.

Wion alleged in his amended petition that Ann Byrom knowingly and intentionally initiated a false and unsupportable disciplinary action against Wion.  He

claims that J. Missildine knowingly and intentionally, after a hearing, adjudicated Wion guilty of the disciplinary charge when he knew or should have known the charge was false and ordered the forfeiture of $19.95 from Wion. Wion further alleges that A.R. Massingil knowingly and intentionally aided and abetted Byrom and Missildine by upholding their actions knowing the actions were unlawful. Wion alleges that Kelli Ward knowingly and intentionally aided and abetted Byrom and Missildine by upholding and supporting their unlawful actions.

There is nothing in the evidentiary record to show, and nothing beyond Wion's boldest and completely unsupported conclusory allegations suggest, that the TDCJ employees did anything that a reasonable official would understand to be a violation of Wion's rights. The actions taken by all were objectively reasonable. The system worked for Wion. Simply because the decision was ultimately reversed does not mean the TDCJ employees were not entitled to qualified immunity for actions performed in the routine course of their jobs. Thus, the trial court did not err in finding Wion did not state material facts that would overcome the TDCJ employees' defense of qualified immunity.

The granting of the summary judgment as to Wion's § 1983 claims on this ground is affirmed.

***State Law Claims***

Wion further asserts that the trial court erred in dismissing his state law claims without addressing those claims. The trial court made findings in its order but then granted the TDCJ employees' motion to dismiss and motion for summary judgment.

The grounds for granting the summary judgment, however, were not specified by the trial court. If the trial court does not specify the grounds upon which a summary judgment is granted, we must affirm the summary judgment if any of the grounds specified in the motion have merit. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 120-21 (Tex. 1970). The appealing party must show on appeal that it is error to base granting a summary judgment on any ground asserted in the motion. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

The TDCJ employees raised the defense of official immunity to Wion's state law claims. Wion does not argue on appeal that the trial court erred in basing its summary judgment on the official immunity defense. Accordingly, because Wion does not challenge the summary judgment of the ground of official immunity, we affirm the summary judgment as to Wion's state claims.

*Appointment of Counsel*

Lastly, Wion complains that the trial court erred in denying Wion's motion for the appointment of counsel. The trial court may appoint counsel for a party who makes an affidavit that he is too poor to employ counsel. TEX. GOV'T CODE ANN. § 24.016 (West 2004). There is no requirement that a civil litigant must be represented by counsel. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003). But the Texas Supreme Court has suggested, in other contexts, that under exceptional circumstances, "the public and private interests at stake [may be] such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Id.*, (*quoting Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996)). Following this

suggestion, appellate courts have held that a trial court does not abuse its discretion in refusing to appoint counsel when the indigent party fails to demonstrate why the public and private interests at stake are so exceptional that the administration of justice is served by the appointment. *Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.); *Coleman v. Lynaugh*, 934 S.W.2d 837, 839 (Tex. App.—Houston [1st Dist.] 1996, no pet.). That a person is an inmate does not render the cause exceptional. *Gibson*, 102 S.W.3d at 713.

Wion provides no basis for a finding that his case warrants the appointment of counsel. He merely asserts that appellees enjoy a "seriously unequal advantage" because Wion has no counsel. However, Wion does nothing to explain why the public and private interests at stake are so exceptional that the administration of justice is served by the appointment of counsel. Accordingly, the trial court did not abuse its discretion in denying Wion's motion to appoint counsel.

## CONCLUSION

Because we affirm the summary judgment as to Wion's § 1983 claims and his state law claims, we need not discuss Wion's remaining issues which challenge the propriety of the trial court's judgment granting the TDCJ employees' motion to dismiss. Wion's issues necessary to the disposition of this appeal are overruled and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed March 30, 2011
[CV06]