**Dr. Louis GIBSON, Petitioner,**

v.

**James TOLBERT, Respondent.**

No. 02–0190.

Supreme Court of Texas.

March 27, 2003.

William Rich Thompson, II, Atty. Gen., Austin, John Cornyn, Washington, DC, Howard G. Baldwin, First Asst. Atty. Gen., Michael T. McCaul, Executive Asst. Atty. Gen., Julie Caruthers Parsley, Office of the Solicitor Gen., Ralph C. Longmire, Office of the Atty. Gen., Austin, for Petitioner.

James Tolbert, pro se.

Justice ENOCH delivered the opinion of the Court.

James Tolbert is an indigent inmate who filed a pro se medical malpractice claim against Dr. Louis Gibson, a prison doctor who provided medical services to Tolbert. Tolbert asked the trial court to appoint counsel. The motion was never granted, and the trial court later dismissed the case. Tolbert appealed only the denial of appointed counsel. The court of appeals reversed the dismissal, holding that Tolbert's civil suit was an "exceptional case" requiring appointed counsel.[1] Without hearing oral argument,[2] we reverse the court of appeals' judgment and hold that an indigent inmate does not have a right to appointed counsel in a civil case merely because the inmate's suit is against an employee of the prison in which the inmate is incarcerated.

I

Tolbert suffers from severe back problems. To accommodate his physical limitations, he was initially assigned only to light work duty at the prison. After this initial physical assessment and light work assignment, Gibson arrived at the prison as its medical director. He examined Tolbert and reassigned him to farm detail. Tolbert avers that he suffered debilitating physical pain from the hard labor this new assignment required. A physician's assistant working at the prison finally referred Tolbert to a back specialist, who removed Tolbert from hard labor and returned him to light work duty. Gibson, however, disregarded the specialist's diagnosis and placed Tolbert on farm detail yet again. Alleging that he had been injured by Gibson's actions disregarding his physical condition, Tolbert filed a pro se medical malpractice suit against Gibson in July 1999.

Tolbert prosecuted his case with some success, filing the petition and serving discovery requests. At some point in the litigation, however, Gibson moved to dismiss the cause for, among other things,

---

1.  67 S.W.3d 368, 372.

2.  Tex.R.App. P. 59.1.

Tolbert's failure to file an expert report under the Medical Liability and Insurance Improvement Act.[3] Tolbert requested the trial court to appoint counsel, and also requested a thirty-day extension to file an expert report. The trial court explicitly granted Tolbert's motion for extension of time, giving him an additional thirty days from the date of the order. But the trial court did not explicitly rule on the motion for appointed counsel, merely including in the order the general statement that any relief not granted was denied. The trial court ultimately dismissed the cause in March 2000, because Tolbert did not submit his expert report within the time period set by the court.

Tolbert appealed, and the court of appeals reversed, holding that the fact that Tolbert was suing an employee of the very facility in which he was incarcerated constituted exceptional circumstances warranting appointed counsel.[4] Gibson now brings the appeal to this Court.

## II

The question is whether the trial judge in this civil case abused his discretion when he failed to appoint counsel to represent Tolbert. To answer that question, we note that Texas has statutorily provided for appointed counsel in juvenile delinquency cases,[5] in parental termination cases,[6] and in cases in which application for court-ordered mental health services has been made.[7] The Texas Legislature has also provided for at least the possibility of appointed counsel in other civil matters by conferring upon a district court judge the discretion to "appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause." [8]

Regarding medical malpractice actions, the Legislature has not expressly required appointed counsel for indigent plaintiffs, though it has imposed unique procedural hurdles for a plaintiff to clear, such as requiring the plaintiff to provide an expert report.[9] Appointment of counsel in these types of cases, then, is left to the discretion of the district courts under Texas Government Code section 24.016.

Historically, we have "never held that a civil litigant must be represented by counsel in order for a court to carry on its essential, constitutional function." [10] But we have suggested, in the context of discussing the courts' inherent power to appoint counsel in civil cases, that under exceptional circumstances, "the public and private interests at stake [may be] such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." [11] In any event, we have not addressed any limits to the courts' discretionary authority to appoint counsel,[12] or "the reach of [section 24.016]." [13] Some courts of appeals, including the court below, have concluded that the discretionary boundary of section 24.016 is similar to a court's inherent pow-

---

**3.** Tex.Rev.Civ. Stat. art. 4590i, § 13.01(d) & (e).

**4.** 67 S.W.3d at 372.

**5.** *See* Tex. Fam.Code § 51.10.

**6.** *See id.* § 107.013.

**7.** *See* Tex. Health & Safety Code § 574.003.

**8.** Tex. Gov't Code § 24.016.

**9.** *See generally* Tex.Rev.Civ. Stat. art. 4590i.

**10.** *Travelers Indem. Co. v. Mayfield,* 923 S.W.2d 590, 594 (Tex.1996).

**11.** *Id.*

**12.** *Id.* at 592.

**13.** *Id.* at 593.

er to appoint counsel—counsel may be appointed in cases in which exceptional circumstances exist.[14]

Along this line, the parties in this case assume in their briefing that the trial court's discretion to appoint counsel in a civil case is bounded by exceptional circumstances. That is to say, the parties argue over whether Tolbert's circumstances are exceptional, thus entitling him to appointed counsel. Without expressly concluding that this assumption is correct, we decide whether the trial court's failure to appoint counsel was an abuse of its discretion in the light of whether Tolbert's circumstances are exceptional.

### III

■ Until this case, no court of appeals has attempted to positively define the meaning of exceptional circumstances. And while several courts of appeals have considered whether exceptional circumstances existed in a particular case, none, until this case, have concluded that exceptional circumstances, in fact, existed. Rather, they have uniformly determined that the particular cases before them were not exceptional.[15]

■ Beyond what we stated in *Travelers Indemnity Co. v. Mayfield,*[16] we also have never addressed what "exceptional circumstances" warranting appointed counsel might be. That may simply be because what is "exceptional" is by definition rare and unusual—something not easily identified by a general rule. Only by evaluating the unique circumstances of a given civil case could a court ever determine that it has no reasonable alternative but to appoint counsel. In short, it is easier to determine what is not exceptional than to pronounce a general proposition on what would be exceptional.

■ This case is an obvious example. Inmate suits against prison personnel, rather than rare and unusual, are common. In fact, the Legislature enacted laws in an effort to curb this particular area of litigation excess.[17] The mere fact that an indigent inmate brings a cause of action against an employee of the prison in which the inmate is incarcerated does not constitute exceptional circumstances such that it warrants appointed counsel. Furthermore, plaintiffs in medical malpractice cases are routinely represented by counsel on contingent fee contracts. As long as his claims against Gibson were meritorious, Tolbert's indigency should not have prevented him from employing able counsel.

The trial judge did not abuse his discretion by failing to appoint counsel for Tolbert. Accordingly, we reverse the court of appeals' judgment. And because the only issue before the Court is whether Tolbert was entitled as a matter of law to appointed counsel, we remand to the trial court to dismiss Tolbert's action with prejudice.

**14.** 67 S.W.3d at 372; *Knie v. Piskun,* 23 S.W.3d 455, 461 (Tex.App.-Amarillo 2000, pet. denied); *Pedraza v. Crossroads Sec. Sys.,* 960 S.W.2d 339, 341 (Tex.App.-Corpus Christi 1997, no pet.); *Coleman v. Lynaugh,* 934 S.W.2d 837, 839 (Tex.App.-Houston [1st Dist.] 1996, no writ).

**15.** *See, e.g., Spigener v. Wallis,* 80 S.W.3d 174, 183 (Tex.App.-Waco 2002, no pet.); *Hall v. Treon,* 39 S.W.3d 722, 724 (Tex.App.-Beaumont 2001, no pet.); *Pedraza,* 960 S.W.2d at 341; *Coleman,* 934 S.W.2d at 839.

**16.** 923 S.W.2d at 592.

**17.** *See* TEX. CIV. PRAC. & REM.CODE ch. 14.