TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00520-CV






Alfredo Garza, Appellant


v.


County of Williamson, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT

NO. 01-576-T368, HONORABLE JACK R. MILLER, JUDGE PRESIDING






O R D E R


PER CURIAM

 Alfredo Garza, appellant and defendant below, asks this Court to appoint an attorney
to represent him in his case, stating that he is incarcerated and uneducated and thus unable to
represent his interests. 

 Indigent persons are entitled to appointed counsel in criminal cases, see Douglas v.
California, 372 U.S. 353, 357-58 (1963), but generally civil litigants do not have such a right. See
Lassiter v. Department of Soc. Servs., 452 U.S. 18, 26-27 (1981); Gibson v. Tolbert, 102 S.W.3d
710, 712 (Tex. 2003); Williams v. Capitol County Mut. Fire Ins. Co., 594 S.W.2d 558, 560 (Tex.
Civ. App.--Fort Worth 1980, no writ). Statute allows for the appointment of an attorney for civil
litigants in a few specific situations, see Tex. Prob. Code Ann. § 53(b), (c) (West Supp. 2004-05)
(attorney ad litem shall be appointed to represent interests of unknown heirs); Tex. R. Civ. P. 244
(appointed attorney required when service of citation made by publication); Gibson, 102 S.W.3d at
712 (citing Tex. Fam. Code Ann. §§ 51.10, 107.013 (West Supp. 2004-05); Tex. Health & Safety
Code Ann. § 574.003 (West 2003)), and the government code gives district courts the discretion to
appoint an attorney for an indigent civil litigant under "exceptional circumstances." See Tex. Gov't
Code Ann. § 24.016 (West 2004); Gibson, 102 S.W.3d at 712-13. However, no such provision
allows an appellate court to appoint counsel. Therefore, we overrule Garza's motion for an
appointed attorney. 

 It is ordered January 10, 2005.


Before Chief Justice Law, Justices B. A. Smith and Puryear