COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-253-CV

MICHAEL WHATLEY APPELLANT

V.

HARRY BITTLINGER, BILL KEATING, APPELLEES

DAVID DURHAM, JEAN MEYERS, 

AND LISA JONES

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael Whatley has appealed from the trial court’s dismissal of his lawsuit.  We dismiss the appeal for want of jurisdiction.

The trial court granted appellees Harry Bittlinger, Bill Keating, David Durham, Jean Meyers, and Lisa Jones’s motion to dismiss on March 20, 2008.  Whatley’s notice of appeal was due thirty days after the judgment was signed, April 21, 2008.
(footnote: 2)  Whatley did not file his notice of appeal until May 27, 2008.   On June 17, 2008, the court notified Whatley by letter of its concern that it lacked jurisdiction over the appeal.  The court stated that the appeal was subject to dismissal unless Whatley or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before June 27, 2008.  On June 26, 2008, Whatley filed a response but failed to establish any grounds for continuing the appeal.
(footnote: 3)  

Times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal.
(footnote: 4)  Because Whatley’s notice of appeal was untimely and he has not established any grounds for continuing the appeal, we have no basis for jurisdiction over the appeal.  Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  July 10, 2008 
 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P. 
26.1.  

3:
In his response, Whatley reasserts his appellate arguments and requests appointment of counsel because he alleges that he is being denied access to the courts, not allowed to review the “code of civil procedure,” and “a lot [of his] legal material has come up missing” making it difficult for him to pursue the appeal.  Because this is a civil case not involving the termination of parental rights, Whatley is not entitled to appointed counsel.  
See Gibson v. Tolbert, 
102 S.W.3d 710, 711 (Tex. 2003).

4:
See 
Tex. R. App. P. 26.1, 
Verburgt v. Dorner, 
959 S.W.2d 615, 617 (Tex. 1997).