In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00210-CR


______________________________




RUSSELL VERNON FREEMAN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Red River County, Texas


Trial Court No. CR00651




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Russell Vernon Freeman appeals from his adjudication of guilt for the offense of deadly
conduct with a firearm. The sentence was imposed June 16, 2008. Freeman filed a timely motion
for new trial on July 15, 2008, and a notice of appeal on October 1, 2008. 

 According to Rule 26.2, Freeman, because he filed a timely motion for new trial, had ninety
days after the day sentence was imposed to file a notice of appeal. See Tex. R. App. P. 26.2(a)(2). 
Therefore, Freeman had until September 15, 2008, to file a notice of appeal or a motion to extend
the time to file his notice of appeal. See Tex. R. App. P. 26.3. No motion to extend the time to file
the notice of appeal was filed. Hence, this appeal is untimely and we are without jurisdiction to hear
this case.

 We dismiss this appeal for want of jurisdiction. 


 Jack Carter

 Justice


Date Submitted: October 21, 2008

Date Decided: October 22, 2008


Do Not Publish



ont-family: Arial"> The record provided to this Court does not allow us to determine the status of the
underlying probate proceeding with sufficient certainty to be able to ascertain whether the
motion has been filed or ruled on by the county court or whether it was timely filed at all. 
The record is likewise ambiguous about the status of the probate proceeding itself before
the county court. Under these circumstances, we cannot at this time conclude Logan is
entitled to relief on these grounds.

 Logan also asks this Court to order the county court to appoint counsel to represent
him. The Texas Supreme Court has held that, in some exceptional cases, the public and
private interests at stake are such that the administration of justice may best be served by
appointing a lawyer to represent an indigent civil litigant. Travelers Indem. Co. v. Mayfield,
923 S.W.2d 590, 594 (Tex. 1996). However, as the court has also recognized recently in
Gibson v. Tolbert, No. 02-0190, 2003 WL 1561442 (Tex. Mar. 27, 2003), the existence of
the extraordinary circumstances required to authorize such appointment is a fact-based
question that is best answered in connection with each specific case. 

 From the information provided here, we cannot conclude as a matter of law that
such extraordinary circumstances are shown as would require us to order the county court
to appoint counsel. Our decision on this limited record does not, of course, preclude the
county court from doing so should it determine that to be appropriate. 

 The petition is denied.


 Donald R. Ross

 Justice


Date Submitted: May 27, 2003

Date Decided: May 28, 2003