**Appellee's Motion Granted; Appellant's Motion Denied; Appeal Dismissed and Memorandum Opinion filed January 31, 2012.**



In The

# Fourteenth Court of Appeals

———————————

## NO. 14-11-00112-CV

———————————

### AIDAH MUSTAPHA and GIBRILL MUSTAPHA, Appellants

### V.

### HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION HOME EQUITY ASSET-BACKED CERTIFICATES, SERIES 2006-3, Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 968686**

---

## MEMORANDUM OPINION

This is an appeal from a judgment in a forcible detainer action signed December 8, 2010. Appellants' brief was originally due April 18, 2011. No brief or motion for extension of time was filed. Accordingly, on May 5, 2011, this court ordered appellants to file a brief by June 3, 2011, or the appeal would be dismissed for want of prosecution. On June 2, 2011, appellants requested and were granted an extension of time until August

2, 2011 to file the brief. On July 29, 2011, appellants requested a further extension of time. The extension was granted until October 3, 2011, with a notation that no further extensions of time will be granted. No brief or motion for further extension was filed. On October 20, 2011, this court again ordered appellants to file their brief on or before October 31, 2011, or the appeal would be dismissed for want of prosecution. No brief was filed. Instead, appellants filed a "motion not to dismiss the appeal" and a further request for an extension of time to file their brief, which this court granted until January 2, 2012. In granting the extension, the court ruled that no further extensions of time would be granted. No brief has been filed.

On January 10, 2012, appellee filed a motion to dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 42.3(b). In response, appellants filed a motion requesting the appointment of an attorney to represent them on appeal, claiming indigence. Appellee has filed an objection to the request.

The Sixth Amendment to the United States Constitution grants an indigent criminal defendant the right to counsel, but does not apply to civil cases. *See Turner v. Rogers,* 131 S.Ct. 2507, 2510 (2011). With rare exceptions, a party is not entitled to court-appointed counsel in a civil case. *Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003). Texas has statutorily provided for appointed counsel in juvenile delinquency cases,[1] in parental termination cases,[2] and in cases in which application for court-ordered mental health services has been made.[3] A trial court has discretion to appoint counsel to an indigent civil litigant, "in some exceptional cases" in which "the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996); *see also* Tex. Gov't Code § 24.016. We

---

[1] *See* Tex. Fam.Code § 51.10.
[2] *See id.* § 107.013.
[3] *See* Tex. Health & Safety Code § 574.003.

2

conclude that this case does not present exceptional circumstances warranting appointment of counsel. Therefore, we deny appellants' motion.

Appellee's motion to dismiss the appeal for want of prosecution is granted. Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.