FILE COPY



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-13-00201-CV

IN THE INTEREST OF A.R.D., A
CHILD

### NO. 02-13-00202-CV

IN THE INTEREST OF K.M.W., A
CHILD

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## ABATEMENT ORDER

------------

This is a suit for termination of appellant A.M.P.'s parental rights to her children, A.R.D. and K.M.W. The suit was initiated by the children's grandparents, who have been the children's managing conservators since 2005.

[PX2] The Department of Family and Protective Services is not a party to the case.

Although appellant's brief was due in this court by July 11, 2013, it has not been filed. On July 18, 2013, the clerk of the court notified appellant's counsel of this fact and notified appellant's counsel that the appeal could be dismissed for want of prosecution unless appellant or any party desiring to continue the appeal filed with the court a motion reasonably explaining the failure to file a brief and the need for an extension by July 29, 2013. *See* Tex. R. App. P. 38.8(a). Appellant's counsel has not responded.

When an appellant's brief has not been filed in a civil case, rule of appellate procedure 38.8(a) provides that this court may, before an appellee's brief has been filed, either dismiss the appeal for want of prosecution or "decline to dismiss the appeal and give further direction to the case" as the court deems proper. Tex. R. App. P. 38.8(a). Counsel for appellant filed a notice of appeal on appellant's behalf, arranged for payment of the reporter's and clerk's records for this appeal, and filed a docketing statement, but counsel has not filed appellant's brief by the deadline or responded to our inquiry about the failure to do so. We are thus concerned that appellant's retained counsel may have abandoned the appeal. Under these circumstances, and because this case involves the termination of appellant's parental rights to her children, the court believes that further action is necessary and that it is appropriate to employ the procedure used in criminal appeals when retained counsel does not timely file the

appellant's brief. *Compare* Tex. R. App. P. 38.8(a)(2) *with* Tex. R. App. P. 38.8(b)(2), (3).

Accordingly, we abate the appeal and remand this case to the trial court. Within ten days of the date of this order, the trial court shall conduct a hearing with appellant, appellant's retained counsel, and counsel for appellees present. The attorney ad litem may, but is not required to, attend the hearing. The purpose of the hearing is for the trial court to determine whether appellant desires to continue the appeal and whether retained counsel for appellant has abandoned the appeal. If retained counsel has abandoned the appeal, the trial court should also consider whether appellant should be allowed to substitute counsel or have counsel appointed for the appeal. We note, however, that appellant does not have a statutory right to appointment of counsel because this is a private termination case that was not initiated by the Department of Family and Protective Services.[1] *See In re J.C.*, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied). These matters are committed to the trial court's discretion, and we must therefore abate the appeal so that the trial court may conduct a hearing and issue any necessary orders related to the topics described above. *See id.* (noting this court's abatement of appeal for the trial court to

---

[1]We also note that although a civil litigant has no general constitutional right to appointed counsel, the trial court does have discretion to appoint counsel in exceptional cases "to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause." *Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003) (quoting Tex. Gov't Code Ann. § 24.016 (West 2008)).

consider the discretionary appointment of counsel for parent in private termination proceeding).

The trial court shall file a record of the hearing in this court within five days of the date of the hearing.  The record shall include a supplemental clerk's record and a supplemental reporter's record containing the trial court's findings of fact and conclusions of law.  On our receipt of the supplemental record, the appeal of this cause shall automatically be reinstated without further order.

The clerk of this court shall transmit of a copy this order to the attorneys of record, the trial court judge, the trial court clerk, and the court reporter.

DATED August 7, 2013.

PER CURIAM

4