COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name: Willie Koehler v. Amoco Federal Credit Union and Reba Hankins

Appellate case number: 01-13-00498-CV

Trial court case number: 11-CV-1172

Trial court: 212th District Court of Galveston County

On August 20, 2013, appellees, Amoco Federal Credit Union and Reba Hankins, filed a "Motion to Involuntarily Dismiss Appellant's Appeal," requesting that we strike the appellant's brief filed on July 2, 2013 and either dismiss the appeal for failure to comply with Texas Rules of Appellate Procedure 9 and 38 or affirm the trial court's judgment. Appellant, Willie Koehler, filed a response on July 30, 2013[1], in which he requested that we grant him a 60-day extension of time to file his notice of appeal, appoint counsel to represent him, and make copies of his response and distribute them "to whoever should receive one." Appellant filed a second response on August 21, 2013, asking that we find appellees "guilty of unfair and wrongful trade practices" and award him compensation. We grant in part and deny in part appellees' motion and deny appellant's requests in total.

On July 18, 2011, appellant filed a lawsuit against appellees, Amoco Federal Credit Union and Reba Hankins, asserting claims for breach of contract and promissory estoppel. After a bench trial on April 24, 2013, the trial court granted a directed verdict and signed a final judgment in appellees' favor. Appellant timely appealed on May 7, 2013. We therefore DISMISS appellant's request for extension of time to file his notice of appeal as moot.

The clerk's record was filed on June 25, 2013 and the reporter's record was filed on July 15, 2013, making appellant's brief due on August 14, 2013. *See* TEX. R. APP. P. 38.6(a). Appellant filed a document entitled "Appellant's Brief" on July 2, 2013. This document, however, was filed before the filing of the reporter's record and fails to meet the requirements for an appellate brief, including the requirement that the brief concisely state the issues or points

---

[1] According to appellees' certificate of conference, they attempted to confer with appellant about their motion by sending him a letter and a copy of the motion on July 17, 2013. Appellant's response to the attempt to confer was to file a response to the motion with this Court.

presented for review. *See* TEX. R. APP. P. 38.1. Accordingly, we GRANT appellees' request to strike appellant's brief. *See* TEX. R. APP. P. 38.9(a).

Nevertheless, we liberally construe briefing rules and permit amendment, supplementation, or redrawing of a brief even when Rule 38 has been flagrantly violated. *See id.* Moreover, although appellant failed to properly serve appellees with his responses to their motion, we must provide him with an opportunity to remedy his failure to serve them before we can dismiss the appeal, and appellees have now received copies of appellant's responses. *See* TEX. R. APP. P. 44.3. Therefore, to the extent appellees' motion seeks dismissal of the appeal for failure to comply with Texas Rules of Appellate Procedure 9 and 38, we DENY the motion. *See* TEX. R. APP. P. 38.9(a), 44.3.

We further DENY appellees' request to affirm the trial court's judgment, because appellant has not failed to timely file a brief and appellees have not yet filed a brief. *See* TEX. R. APP. P. 38.8(a)(3) (allowing appellate court to affirm trial court's judgment if appellant fails to file brief and appellees file brief).

We also DENY appellant's request for appointment of counsel, because he is not entitled to appointed counsel in this case. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003); *Mustapha v. HSBC Bank USA, Nat'l Ass'n*, No. 14-11-00112-CV, 2012 WL 273897, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2012, pet. denied). And, because it is appellant's responsibility to serve all documents filed on all parties to this proceeding, we DENY his request for us to make copies of his documents and serve them on the other parties. *See* TEX. R. APP. P. 9.5(a), (e). Finally, we DENY appellant's request that we find appellees "guilty of unfair and wrongeful [sic] trade practices."

We ORDER appellant to file a brief that conforms to Texas Rule of Appellate Procedure 38.1 within 30 days of the date of this order. *See* TEX. R. APP. P. 38.6(a). We further ORDER appellant to comply with all rules of appellate procedure, and specifically with Rules 9.1, 9.3, 9.4, and 9.5, when he files his amended brief. *See* TEX. R. APP. P. 9.1, 9.3, 9.4, 9.5.

It is so ORDERED.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
         ☒ Acting individually     ☐ Acting for the Court

Date: September 24, 2013