In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00446-CV
_____

KISH D. POWELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 58th District Court
Jefferson County, Texas
Trial Cause No. A-196,131

## MEMORANDUM OPINION

Kish D. Powell filed a suit against the State of Texas for a declaratory judgment of inability to pay property taxes and for injunctive relief. Before service of process, the trial court dismissed the case as frivolous and for failure to comply with the procedural requirements that apply to litigation filed without payment of costs by persons incarcerated in the Texas Department of Criminal Justice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002).

Powell requested appointment of counsel to represent him in this appeal. An appellate court cannot order a district court to appoint counsel to represent an

1

indigent litigant in the absence of exceptional circumstances. *See Gibson v. Tolbert*, 102 S.W.3d 710, 713 (Tex. 2003). No exceptional circumstances are present in this case.

Powell cites several constitutional and statutory provisions in his brief for the appeal. *See generally* Tex. Const. art. XVI, § 52 (descent and distribution of homestead); Tex. Tax Code Ann. §§ 11.13(j) (residence homestead), 33.02 (installment payment of delinquent taxes), 42.08 (forfeiture of remedy for nonpayment of taxes) (West Supp. 2014). Powell assigns no error in his brief, nor does he provide this Court with argument explaining why the laws cited in the brief support his pursuit of a declaratory judgment action in district court. *See* Tex. R. App. P. 38.1(f), (i).

In correspondence this Court received on January 15, 2015, Powell states, "I am notifying the Ninth District Court [of Appeals] that the appellant[']s appeal in the above number be recalled. I have correctly file[d] this matter with the Jefferson County Probate Court under Cause #111677." Powell may have intended to dismiss this appeal because a probate proceeding has been filed in the County Court of Jefferson County. *See generally* Tex. R. App. P. 42.1. We may dismiss an appeal or affirm the appealed judgment or order, if the appellant requests it and disposition will not prevent a party from seeking relief to which he is otherwise entitled. *Id.*

2

When an inmate files a suit without payment of costs, the trial court's dismissal of the suit for failure to comply with the affidavit or unsworn declaration requirements is not a dismissal on the merits and is, therefore, generally a dismissal without prejudice. *See In re Douglas*, 333 S.W.3d 273, 293 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). A dismissal without prejudice, such as the order at issue in this case, does not carry the full effects of res judicata and collateral estoppel that result from a dismissal with prejudice. *See Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.). No reversible error has been established by appellant's brief and the clerk's record. *See* Tex. R. App. P. 44.1. We affirm the trial court's order of dismissal without prejudice.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 12, 2015
Opinion Delivered March 5, 2015

Before Kreger, Horton, and Johnson, JJ.