

**NUMBER 13-14-00570-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAMES WILKINS,                                                                                         **Appellant,**

**v.**

**NUECES COUNTY, TEXAS,**                                                                   **Appellee.**

### On appeal from the 105th District Court of Nueces County, Texas.

# ORDER

### Before Justices Rodriguez, Garza, and Longoria
### Order Per Curiam

Appellant, James Wilkins, proceeding pro se, appeals from an order of dismissal for lack of subject matter jurisdiction. In the underlying lawsuit, appellant brought suit against Nueces County, Texas, alleging that it failed to provide him a mattress, sheet, and blanket for a period of ten days while he was being held in Nueces County Jail holding cells and then, after appellant complained, allegedly provided him with falsified

documents to conceal its supposed violation of Texas Commission on Jail Standards policies and rules. Currently before the Court is appellant's amended motion for appointment of counsel. We deny the motion as stated herein.

## I. BACKGROUND

On October 23, 2014, this Court abated and remanded this matter to the trial court for determinations regarding: (1) whether appellant desired to prosecute this appeal; (2) whether appellant was indigent; (3) whether appellant was entitled to a free appellate record due to his indigency; (4) whether exceptional circumstances existed such that appellant was entitled to appointed counsel; and, (5) what orders, if any should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

On April 23, 2015, the trial court held a hearing on the requested matters. The reporter's record for this hearing was filed with this Court on May 5, 2015. The trial court's findings and conclusions were not filed. On March 6, 2015, after abatement, appellant filed a "motion for summary judgment" seeking judgment to be rendered in his favor in this appeal. On June 4, 2015, appellant requested that we allow him to proceed pro se on appeal without the representation of counsel.

On June 17, 2015, Nueces County filed a notice with this Court stating that there was currently no dispute between the parties regarding the issues submitted to the trial court on abatement. Nueces County averred that the parties agreed that appellant desires to prosecute the appeal, that appellant is indigent and entitled to a free appellate

2

record, and that appellant had withdrawn his request for appointed counsel. Nueces County thus asserts that "it appears that the parties are in agreement to have the abatement lifted and to have the complete appellate record filed so that the appeal may proceed without any additional delay."

On June 30, 2015, we issued an order reinstating this appeal. We stated that our previous order requesting findings and conclusions had been rendered moot. We dismissed as moot appellant's motion to appoint counsel. We granted appellant's request to proceed pro se; however, we cautioned appellant to fully comply with the requirements of the Texas Rules of Appellate Procedure. We denied appellant's motion for summary judgment and stated that we would review the merits of this appeal based on full briefing by the parties. We denied any other relief sought by appellant's pleadings.

## II. APPOINTMENT OF COUNSEL

On August 7, 2015, appellant filed a motion for the appointment of counsel to prosecute his appeal and on August 11, 2015, appellant filed an amended motion for appointment of counsel. Texas has statutorily provided for appointed counsel in juvenile delinquency cases, in parental termination cases, and in cases in which application for court-ordered mental health services has been made. *Gibson v. Tolbert*, 102 S.W.3d 710, 712–13 (Tex. 2003). The Texas Legislature has also provided for the possibility of appointed counsel in other civil matters by conferring upon a district court judge the discretion to "appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause." TEX. GOV'T CODE ANN. §24.016 (West, Westlaw through Ch. 46 2015 R.S.); *see Gibson*, 102 S.W.3d at 712.

3

Under exceptional circumstances, "the public and private interests at stake [may be] such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996).

Based on our review of the history of the underlying proceedings and the substantive law pertaining to the appointment of counsel, we are of the opinion that appellant's amended motion for the appointment of counsel lacks merit and should be denied. Appellant has previously requested the appointment of counsel, then withdrawn that request and asked to proceed pro se. This appeal should proceed in due course without further delay caused by appellant's change of opinion regarding his representation on appeal. Further, based on the face of the pleadings, the matters at issue in this lawsuit do not clearly fall within the parameters of cases identified by the Texas Supreme Court as meriting the appointment of counsel. Accordingly, we DENY appellant's amended request for the appointment of counsel.

It is so ORDERED.

PER CURIAM

Delivered and filed the
18th day of August, 2015.

4