COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTIONS

Appellate case name:        William Harris v. Anika Bell-Gray

Appellate case number:     01-15-00686-CV

Trial court case number:    15-CV-0165-A

Trial court:               405th District Court of Galveston County

On August 7, 2015, appellant, William Harris, proceeding *pro se* and incarcerated, timely filed a notice of appeal in the trial court from that court's July 27, 2015 final judgment. *See* TEX. R. APP. P. 25.1(a), 26.1. On August 26, 2015, appellant filed a motion for the appointment of counsel on appeal. Appellant claims that he is unable to afford counsel and that he has requested leave to proceed *in forma pauperis* in the trial court. Appellant believes that counsel is necessary because this appeal will likely involve conflicting testimony and counsel would better enable him to present evidence and cross-examine witnesses, and this case involves medical issues that may require expert testimony.

With rare exceptions not present here, there is no entitlement to the appointment of counsel in civil cases, whether at trial or on appeal, even for indigent inmates. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003); *see also Mustapha v. HSBC Bank USA, Nat'l Ass'n*, No. 14–11–00112–CV, 2012 WL 273897, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2012, pet. denied) (per curiam) (mem. op., not designated for publication). On appeal, no cross-examination or expert testimony will be needed and, thus, no appellate counsel will be needed for those trial-court tasks. Furthermore, appellant has not shown the "exceptional circumstances" necessary that would warrant remanding this case for the trial court to consider whether to appoint appellate counsel. *Wigfall v. Tex. Dep't of Criminal Justice*, 137 S.W.3d 268, 274–75 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citations omitted). Accordingly, appellant's motion for appointment of counsel on appeal is **denied**.

In addition, also on August 26, 2015, appellant filed a motion for a free copy of the clerk's and reporter's records, under Texas Rules of Appellate Procedure 34.5 and

34.6. According to the notice of appeal filed in this Court, appellant did not file an affidavit of indigence with his notice of appeal either here or in the trial court. *See* TEX. R. APP. P. 20.1(c)(1). To the extent appellant believes that his request for leave to proceed *in forma pauperis* in the trial court should be construed as his affidavit of indigence, "[t]he prior filing of an affidavit of indigence in the trial court pursuant to Texas Rule of Civil Procedure 145 does not meet the requirements of this rule, which requires a *separate* affidavit and proof of current indigence, except in cases in which a presumption of indigence has been established as provided by Rule 20.1(a)(3)." *Id.* (emphasis added). There is no indication with the notice of appeal that a presumption of indigence has been established for appellant.

However, while this Court may extend the time to file an affidavit of indigence if the appellant files a motion for an extension of time within 15 days of the notice of appeal, the appellate "court may not dismiss the appeal or affirm the trial court's judgment on the ground that the appellant has failed to file an affidavit or a sufficient affidavit of indigence unless the court has first provided the appellant notice of the deficiency and a reasonable time to remedy it." *See* TEX. R. APP. P. 20.1(c)(3). Thus, the Court construes appellant's *pro se* motion for a free copy of the clerk's and reporter's record as motion for an out-of-time extension of time to file an affidavit of indigence with the trial court and **grants** the motion. *See* TEX. R. APP. P. 20.1(c)(3).

Accordingly, it is **ORDERED** that appellant file an affidavit of indigence with the trial court **within 30 days** of the date of this order, or else appellant is warned that **this appeal may be subject to dismissal without further notice.** *See* TEX. R. APP. P. 5, 37.3(b), 42.3(c).

It is so ORDERED.


Judge's signature: /s/ <u>Evelyn V. Keyes</u>
⊠ Acting individually

Date: September 1, 2015

2