

# Fourth Court of Appeals
## San Antonio, Texas

April 12, 2016

No. 04-16-00120-CV

**THREE THOUSAND FIVE HUNDRED THIRTY-FIVE DOLLARS ($3,535.00)**
**UNITED STATES CURRENCY**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-11848
Peter Sakai, Judge Presiding

## O R D E R

Appellant Jerry Weatherspoon, an inmate, filed a notice of appeal on March 4, 2016. On March 30, 2016, Weatherspoon filed a motion for appointment of counsel, claiming that he is indigent. On April 6, 2016, Judy Mata, the court reporter responsible for filing the reporter's record in this appeal, filed a notification of late reporter's record, stating that she had never received a request to prepare the record, nor had she received a fee or been asked to make payment arrangements. Also on April 6, 2016, the trial court clerk filed a notification of late clerk's record stating that it had not been paid for preparing the clerk's record.

With regard to Weatherspoon's motion for appointment of counsel, we DENY his request for appointment of counsel. *See Gibson v. Tolbert*, 102 S.W.3d 710 (Tex. 2003). However, we note that Weatherspoon in his motion for appointment of counsel has claimed indigence. *See Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684 (Tex. 2008). We, therefore, ABATE this appeal and REMAND the cause to the trial court. *See id.*

We ORDER that pursuant to Texas Rule of Appellate Procedure 20.1(e), the trial court clerk, the court reporter, or any party to this cause must challenge appellant's claim of indigence by filing a contest to appellant's affidavit of indigence in the trial court within 10 days from the date of this order. *See* TEX. R. APP. P. 20.1(e).

If a contest is timely filed, we ORDER the trial court to conduct a hearing or sign an order extending the time to conduct a hearing within 10 days after any contest is filed. *See* TEX.

R. App. P. 20.1(i)(2)(B) ("The trial court must either conduct a hearing or sign an order extending the time to conduct a hearing . . . within 10 days after the trial court received a contest referred from the appellate court."). However, the trial court may not order the time for conducting a hearing on a contest to be extended for more than 20 days from the date the order is signed. *See* Tex. R. App. P. 20.1(i)(3).

If a contest is timely filed, we ORDER the trial court, within 40 days from the date of this order, to prepare a written order and written findings of fact and conclusions of law regarding its indigence determination. We further ORDER the trial court clerk, as soon as practicable but in no event later than 60 days from the date of this order, to file a supplemental clerk's record, containing (1) the contest; (2) the trial court's order; (3) the trial court's findings of fact and conclusions of law; (4) the judgment being appealed; (5) any post-judgment motions; (6) the notice of appeal; and (7) the court's docket sheet. And, we ORDER the court reporter to prepare and file the reporter's record of the trial court's hearing as soon as practicable but in no event later than 60 days from the date of this order.

If no contest is filed or a contest is filed untimely, we ORDER the trial court clerk to file a supplemental clerk's record containing a certificate that states either no contest was filed or a contest was filed untimely within 20 days from the date of this order.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of April, 2016.

_____
Keith E. Hottle
Clerk of Court