COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION

Appellate case name:        Samuel Ricki Hernandez, Jr. v. The State of Texas

Appellate case number:      01-16-00105-CV

Trial court case number:    13-CV-0806

Trial court:                122nd District Court of Galveston County

On February 9, 2016, appellant, Samuel Ricki Hernandez, Jr., proceeding *pro se* and incarcerated, filed a notice of appeal from the trial court's January 8, 2016 order granting the State's motion for summary judgment in this civil asset forfeiture case. On April 26, 2016, because there was no reporter's record and the appellant is a *pro se* inmate who was deemed indigent for purposes of the appellate filing and record fees, this Court ordered the trial clerk to mail the clerk's record to appellant. On May 5, 2016, the trial clerk confirmed that the clerk's record was delivered to appellant on May 2, 2016.

On June 6, 2016, appellant filed this motion for the appointment of appellate counsel, pursuant to 28 U.S.C. § 1915(e)(1), which only permits a *federal* trial court to appoint counsel to certain indigent civil litigants. Appellant claims that he needs counsel because, among other things, he was granted *in forma pauperis* status here, this case involves complex issues, and he was diagnosed in 2009 as mildly mentally retarded.

Because this Court lacks authority to appoint counsel, the Court construes this motion to seek abatement of this appeal for the trial court to consider whether to appoint appellate counsel. *See Reed v. Tex. Dep't of Crim. Justice-Instit. Div.*, No. 01-02-00734-CV, 2003 WL 21545122, at *1 (Tex. App.—Houston [1st Dist.] July 10, 2003, no pet.) (mem. op.) (construing motion for appointment of counsel as request to abate for trial court to appoint appellate counsel). With rare exceptions not present here, there is no statutory requirement for a Texas trial court to appoint counsel in civil cases. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003) (providing for appointed counsel in "juvenile delinquency cases, in parental termination cases, and in cases in which

application for court-ordered mental health services has been made."). Also, the trial court has the discretion to appoint counsel for an indigent civil litigant, but only upon a proper request. *See* TEX. GOV'T CODE ANN. § 24.016 (West Supp. 2015) (stating that "[a] district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause.").

Here, however, the clerk's record, filed in this Court on April 12, 2016, does not contain any application for court-ordered mental health services, the only potentially-applicable statutory exception here, which deals with involuntary civil commitments to a mental health facility. *See* TEX. MENTAL HEALTH CODE ANN. § 574.001(a) (West Supp. 2015) ("A county or district attorney or other adult may file a sworn written application for court-ordered mental health services."). Also, while appellant filed a "Declaration of Inability to Pay Cost[s]" in this Court on March 4, 2016, that was filed after appellant's notice of appeal was filed and he requested indigence for appellate cost purposes. The clerk's record does not contain any affidavit by appellant requesting the appointment of trial counsel filed before summary judgment was granted on January 8, 2016. Furthermore, appellant has not shown the "exceptional circumstances" necessary in this civil asset forfeiture case, which was decided by the trial court's granting the State's motion for summary judgment without a hearing, that would warrant abating this case for the trial court to consider whether to appoint appellate counsel. *See Wigfall v. Tex. Dep't of Crim. Justice*, 137 S.W.3d 268, 274–75 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citations omitted).

Accordingly, appellant's motion to abate for the appointment of appellate counsel is **denied**. *See Gibson*, 102 S.W.3d at 712. However, because appellant's brief was due by June 6, 2016, the same date that appellant's motion for the appointment of appellate counsel was filed, the Court construes the *pro se* appellant's motion to include a request for a thirty-day extension of time and sua sponte **grants** appellant an extension of time to file his appellate brief with the Clerk of this Court **within 30 days of the date of this order.** *See* TEX. R. APP. P. 38.6(d).

It is so ORDERED.

Judge's signature: /s/ <u>Laura Carter Higley</u>
⊠ Acting individually

Date: <u>June 16, 2016</u>