LEANNE JOHNSON, Justice
DISSENTING OPINION
I join and agree with the majority’s conclusion and discussion rejecting Brown’s complaint that the SVP statute as amended is unconstitutionally punitive, and rejecting his complaint regarding retroac-tivity. See Majority Op. at 2-3. However, I respectfully disagree with the majority and write this dissenting opinion because I cannot- agree with the majority’s conclusion that “[u]nder these particular facts ... Brown had a statutory right to counsel.”
The general rule, as stated by the majority, is that “an indigent litigant does not have a right to have counsel appointed to represent him in a civil case.” See Gibson v. Tolbert, 102 S.W.3d 710, 712-13 (Tex.2003). The Texas Legislature specifically provided within the SVP statute that:
§ 841.005. Office of State Counsel for Offenders.
(a) Except as provided by Subsection (b), the Office of State Counsel for Offenders shall represent an indigent person subject to a civil commitment proceeding under this chapter.
(b) If for any reason the Office of State Counsel for Offenders is unable to
represent an indigent person described by Subsection (a) at a civil commitment proceeding under this chapter, the court shall appoint other counsel to represent the indigent person.
Tex. Health & Safety Code Ann. § 841.005 (West 2010). A “civil commitment proceeding” is defined by statute as- “a trial or hearing conducted under Subchapter D, F, or G.” See id. § 841.002(3-a) (West Supp. 2015). The tiered program is part of Sub-chapter E. See id. §§ 841.083, 841.0834, 841.0831 (West Supp. 2015).
The facts in this case clearly indicate that the trial court held a separate hearing on the State’s request to place Brown in the tiered program. As noted by the majority, the parties treated the placement into the tiered program as a separate matter from the biennial review. Moreover, the trial court also treated the proceedings separately and held separate hearings as to each matter. The SCFO attorney represented Brown at the biennial review heai--ing. In my opinion, the mere fact that SCFO was appointed by Order dated May 21, 2015, to represent Brown for the “biennial review,” does not lead to the conclusion that Brown had a “statutory right to counsel” at the tiered treatment hearing.
As per the SVP statute, SCFO was appointed to represent Brown at the biennial review hearing. There,-is no language within the SVP statute that required the trial court to appoint SCFO or any other attorney to represent Brown at the tiered treatment hearing. The Legislature expressly did not include Subchapter E within the definition of a “civil commitment proceeding[.]” Therefore, the trial court did not abuse its discretion by denying Brown’s request to be represented by court-appointed counsel at the tiered treatment hearing. The petition for mandamus should be in all respects denied.