

# Fourth Court of Appeals
## San Antonio, Texas

October 27, 2016

No. 04-16-00679-CV

John M. **DONOHUE**,
Appellant

v.

**SAN ANTONIO POLICE DEPARTMENT**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2014ci12457
Honorable Larry Noll, Judge Presiding

# O R D E R

Appellant, who is pro se on appeal, has filed a motion asking the court to appoint counsel for purposes of appeal. The Sixth Amendment to the United States Constitution grants an indigent criminal defendant the right to counsel, but does this right does not generally apply in civil cases. *Mustapha v. HSBC Bank USA Nat'l Ass'n*, No. 14-11-00112-CV, 2012 WL 273897, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2012, pet. denied) (citing *Turner v. Rogers,* 564 U.S. 431, 441–42 (2011)). With rare exceptions, a party is not entitled to court-appointed counsel in a civil case. *Id.* (citing *Gibson v. Tolbert,* 102 S.W.3d 710, 712 (Tex. 2003)). Texas has statutorily provided for appointed counsel in juvenile delinquency cases, in parental termination cases, and in cases in which application for court-ordered mental health services has been made. *Id.* (citing TEX. FAM. CODE ANN. § 51.10; *id.* §107.013; TEX. HEALTH & SAFETY CODE ANN. § 574.003). A trial court has discretion to appoint counsel to an indigent civil litigant, "in some exceptional cases" in which "the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Id.* (quoting *Travelers Indem. Co. v. Mayfield,* 923 S.W.2d 590, 594 (Tex.1996)). We conclude that this case does not present exceptional circumstances warranting appointment of counsel, and therefore DENY appellants' motion.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of October, 2016.



_____

Keith E. Hottle
Clerk of Court