COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION

Appellate case name:        Fernando Haffid Camero v. Samantha Jo Camero

Appellate case number:    01-15-00860-CV

Trial court case number:   76468-F

Trial court:               300th District Court of Brazoria County

On October 1, 2015, appellant, Fernando Haffid Camero, proceeding pro se and incarcerated, mistakenly filed a notice of appeal in this Court, from the August 10, 2015 final decree of divorce, but it is deemed filed in the trial court on October 1, 2015. *See* TEX. R. APP. P. 25.1(a). On September 8, 2016, this Court's Order on Motions, among other things, granted appellant's motion for extension of time to file his notice of appeal and ordered appellee's brief to be filed within 30 days of that Order. That Order further granted appellant's request for a copy of this Court's local rules, local procedure, and evidence for a reply brief, and directed the Clerk of this Court to mail those to appellant.

On November 7, 2016, after receiving an extension of time, appellee's brief was timely filed in this Court, which set the deadline for appellant to file any reply brief within 20 days, or by November 28, 2016. *See* TEX. R. APP. P. 4.1(a), 38.6(c). On November 18, 2016, appellant filed a letter in this Court noting that he had received appellee's brief, but requested an attorney because he had "no idea what any of this stuff means or what [he] [is] suppose[d] to do next."

Because this Court lacks authority to appoint counsel, the Court construes this letter-motion to seek abatement of this appeal for the trial court to consider whether to appoint appellate counsel. *See Reed v. Tex. Dep't of Crim. Justice-Instit. Div.*, No. 01–02–00734–CV, 2003 WL 21545122, at *1 (Tex. App.—Houston [1st Dist.] July 10, 2003, no pet.) (mem. op.) (construing motion for appointment of counsel as request to abate for trial court to appoint appellate counsel). With rare exceptions not present here, there is no statutory requirement for a Texas trial court to appoint counsel in civil cases. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003) (providing for appointed counsel in "juvenile delinquency cases, in parental termination cases, and in cases in

which application for court-ordered mental health services has been made."). However, the clerk's record, filed in this Court on January 4, 2016, does not show that any of the applicable statutory exceptions apply here for the trial court to appoint counsel to appellant.

In addition, only the trial court has the discretion to appoint counsel for an indigent civil litigant, but only upon a proper request. *See* TEX. GOV'T CODE ANN. § 24.016 (West Supp. 2016) (stating that "[a] district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause."). Here, while appellant previously filed a "Request for Appointment of an Attorney Ad Litem to Represent Respondent" in the trial court on August 20, 2015, that was filed after the trial court had signed the final decree of divorce on August 10, 2015. In any event, the trial court summarily denied appellant's request for counsel on August 26, 2015.

Furthermore, appellant has not shown the "exceptional circumstances" necessary in this divorce case, which was decided by the trial court's signing the final decree of divorce on August 10, 2015, after appellant failed to appear, that would warrant abating this case for the trial court to consider whether to appoint appellate counsel. *See Wigfall v. Tex. Dep't of Crim. Justice*, 137 S.W.3d 268, 274–75 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citations omitted). Accordingly, appellant's letter-motion to abate for the appointment of appellate counsel is **denied**. *See Gibson*, 102 S.W.3d at 712.

However, because appellant is a pro se inmate and his reply brief, if any, was due by November 28, 2016, the Court construes the pro se appellant's letter-motion to include a request for a thirty-day extension of time and **grants** it. Appellant is notified that his reply brief, responding to the appellee's brief, is not required because he already filed his pro se and supplemental appellant's briefs in this Court on August 26 and September 1, 2016, respectively. Appellant is warned that if he wants to file a reply brief and fails to timely file it **within 30 days of the date of this order**, the Clerk of this Court may set this case for submission without his reply brief. *See* TEX. R. APP. P. 38.6(c), (d).

It is so ORDERED.

Judge's signature: /s/ <u>Laura Carter Higley</u>
        ☒ Acting individually

Date: <u>November 29, 2016</u>