

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00102-CV

## EX PARTE N.C.

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 26744**

# ABATEMENT ORDER

On January 25, 2017, the Court received a motion filed by appellant, N.C., asking the Court to order a Special Amicus Curiae investigation and report regarding his treatment, movement, and classification as possibly related to his participation in complaints and investigations at various units within TDCJ. N.C. filed an amended motion on February 10, 2017. The Court ordered appellees to file a response. The Special Prosecution Unit filed a response on February 27, 2017.

The SPU's response did not controvert any of N.C.'s allegations and, instead, took the position that the Court had no authority to order the requested investigation. The

Court agrees and accordingly, denies N.C.'s amended motion filed on February 10, 2017.[1]

The SPU, however, failed to address the most critical part of the Court's concern, and the only one expressly referred to in the Court's February 15, 2017 order. Specifically, the Court noted, based in part on the allegations that because N.C. had been classified as "Chronically mental ill—inpatient," N.C. was unable "to access his legal materials to prepare his brief" which was due March 20, 2017.

Although the Court does not dispute that it cannot order the investigation sought by N.C., this does not mean that the Court is powerless to address N.C.'s limited access to his legal materials so as to pursue his legal rights.

Accordingly, this proceeding is abated to the trial court to hold a hearing to determine a procedure whereby the legal rights of N.C. can be protected, including, if exceptional circumstances exist, the appointment of counsel pursuant to section 24.016 of the Texas Government Code.[2] *See* TEX. GOV'T CODE ANN. § 24.016 (West 2004); *Gibson v. Tolbert*, 102 S.W.3d 710, 712-13 (Tex. 2003).

The trial court must hold the required hearing, after taking appropriate steps to secure the participation of N.C. by giving him notice and opportunity to be heard, within

---

[1] The amended motion supercedes the original, January 25, 2017, motion. Thus, there is no need to rule on the January 25, 2017 motion.

[2] We note that N.C. was represented by Sean M. Reagan on N.C.'s petition for review before the Texas Supreme Court. Upon remand to this Court, Reagan withdrew from further representation of N.C. on appeal. Subsequent to Reagan's withdrawal, N.C. has repeatedly requested the appointment of counsel. We have been required to deny those requests because, unlike the trial court, we have no authority to appoint counsel for any litigant.

28 days from the date of this order. The trial court must have a reporter's record made of the hearing and render its order, setting forth the procedure to protect N.C.'s legal rights, including the name and contact information of an appointed attorney, if ordered pursuant to the determined procedure, within 14 days after the date the hearing is conducted.

The court reporter and the court clerk are ordered to file with the Clerk of this Court supplemental records as appropriate, within 14 days after the trial court renders its order.

It is so ordered.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Abated
Order issued and filed March 22, 2017

