

NUMBER 13-18-00348-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**AMY WILSON,**                                                    **APPELLANT,**

**v.**

**CREEDWOOD VILLAGE APARTMENTS,**                      **APPELLEE.**

---

On Appeal from the County Court at Law No. 1
of Travis County, Texas.

---

# ORDER OF ABATEMENT

### Before Justices Rodriguez, Contreras, and Benavides
### Order Per Curiam

Appellant, Amy Wilson, appeals from a final judgment entered in favor of appellee.[1]

She proceeds pro se and has filed a motion to appoint counsel.

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

Texas has statutorily provided for appointed counsel in juvenile delinquency cases, in parental termination cases, and in cases in which application for court-ordered mental health services has been made. *Gibson v. Tolbert*, 102 S.W.3d 710, 712–13 (Tex. 2003). The Texas Legislature has also provided for the possibility of appointed counsel in other civil matters by conferring upon a district court judge the discretion to "appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause." TEX. GOV'T CODE ANN. §24.016 (West, Westlaw through 2013 C.S.); *see Gibson*, 102 S.W.3d at 712. Under exceptional circumstances, "the public and private interests at stake [may be] such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996).

Accordingly, we now ABATE this appeal and REMAND the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. Whether appellant desires to prosecute this appeal;

2. Whether appellant is indigent;

3. Whether appellant is entitled to a free appellate record due to her indigency;

4. Whether appellant is entitled to appointed counsel; and,

5. What orders, if any should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

If the trial court determines that appellant does want to continue the appeal and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint counsel to represent appellant in this appeal. If counsel is appointed, the name, address, email address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Delivered and filed this the
21st day of September, 2018.

3