**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 24, 2012

Lyle W. Cayce
Clerk

No. 11-20182
Summary Calendar

DONALD LEMPAR,

Plaintiff – Appellant

v.

BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice; ALLEN HIGHTOWER, Executive Director, Texas Department of Criminal Justice; GLENDA ADAMS, M.D., North Region Medical Director, University of Texas Medical Branch – C.M.H.C. Division; BOBBY VINCENT, Medical Director, Estelle Unit; MYRA WALKER, Chief of the Office of Professional Services; GUY SMITH, In His Individual Capacity; OWEN MURRAY, Vice President, University of Texas Medical Branch; SONIE MANGUM, Practice Manager, Huntsville Unit, University of Texas Medical Branch; ROBERT DALECKI, Practice Manager, Huntsville Unit, University of Texas Medical Branch; JAMIE WILLIAMS, Practice Manager, Estelle Unit, University of Texas Medical Branch; ERNESTINE JUYLE, Primary Care Provider, Estelle and Huntsville Units; DENNIS GORE, General Surgeon; VALERIE BAUER, Colon/Rectal Surgeon; INTERN GARZA, Surgical Intern; KATHERINE PEARSON, Nurse Practitioner; D. A. RUBY, Nurse Practitioner; CHARLES NAGEL, Physicians Assistant; CHERYL EGAN, Physicians Assistant; LESTER FINDLEY, Nurse, Estelle Unit, University of Texas Medical Branch; LISA HORTON, Nurse, Estelle Unit, University of Texas Medical Branch; MARTIN OAKLEY, Nurse, University of Texas Medical Branch; CAROLYN HICKS, Nurse, Huntsville Unit, University of Texas Medical Branch; TSUNG-LIN ROGER TSAI, Resident Doctor; SERGEANT DONNA CLEMENT, Security Officer,

Defendants – Appellees

No. 11-20182

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2983

---

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Donald Lempar, Texas prisoner # 1284244, appeals from the district court's denial of several pretrial orders in his 42 U.S.C. § 1983 civil rights suit alleging deliberate indifference to his serious medical needs. We AFFIRM in part and DISMISS in part for lack of jurisdiction.

Lempar argues that the district court erred in denying his motion to appoint counsel. A *pro se*, civil-rights plaintiff has no entitlement to appointed counsel barring "exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Generally, "[t]he existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individual bringing it." *Id.* The denial of a motion to appoint counsel is a directly appealable interlocutory order that this court reviews for abuse of discretion. *See Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985).

The district court determined that Lempar failed to show exceptional circumstances and that Lempar's previous filings indicated that he was reasonably able to represent himself in this lawsuit. Section 1983 medical-needs cases generally do not present issues of sufficient complexity to rise to the level of "exceptional circumstances." *See, e.g.*, *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). Lempar's case is no different. Additionally, Lempar's pleadings

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indicate his grasp of the facts and relevant substantive and procedural legal issues and demonstrate that he has the ability to adequately investigate and present his case. Also, the district court indicated that it would sua sponte reconsider the need for appointment of counsel should the case be set for jury trial.[1] Accordingly, we find no abuse of discretion. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Lempar also appeals from the district court's denial of his motion for a preliminary injunction. We have jurisdiction to review the propriety of the district court's ruling. *See, e.g.*, *Tex. Midstream Gas Servs v. City of Grand Prairie*, 608 F.3d 200, 204 (5th Cir. 2010) (observing that this court has jurisdiction over "'[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions'" (quoting 28 U.S.C. § 1292(a)(1))). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 206 (internal quotation marks and citation omitted). We review for abuse of discretion. *Id.* Having reviewed the record presented in light of applicable law, we find no such abuse of discretion.

We lack jurisdiction to review the denial of Lempar's motions for discovery and for the appointment of an expert as Lempar has not shown that these motions were intertwined with his request for injunctive relief or appointment of counsel. *See Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters.*, 170 F.3d 536, 538 (5th Cir. 1999); *Texaco, Inc. v. La. Land & Exploration Co.*, 995 F.2d 43, 43-44 (5th Cir. 1993).

---

[1] On remand, the district court is also free to consider whether pro bono counsel might be available to assist Lempar.

No. 11-20182

AFFIRMED in part; DISMISSED in part; REMANDED to the district court.