Laura Carter Higley, Justice
Appellant, J. J. H., a juvenile who had previously been adjudicated as delinquent, timely filed a notice of appeal from the trial court's March 6, 2017 order requiring Appellant to register as a sex offender for ten years under Texas Code of Criminal Procedure Article 62.351 et seq. We dismiss for want of jurisdiction.
Because this case involved a juvenile delinquency, and Appellant had failed to timely file an appellate brief, this Court's November 16, 2017 Order of Abatement abated and remanded this case for a late-brief hearing. On January 12, 2018, the county clerk filed a supplemental clerk's record including a Proof of Death Letter indicating that Appellant had passed away on November 25, 2017. Because this is a civil case and Appellant passed away after the trial court's order, but before disposition of this appeal, Rule 7.1(a) provides that this appeal may be perfected, and this Court will proceed to adjudicate it as if all parties were alive. See TEX. R. APP. P. 7.1(a)(1).
However, Rule 7.1 does not dispense with the actual-controversy requirement, *766 and generally an appeal will be allowed to proceed after an appellant's death only if the judgment affects appellant's property, as opposed to personal rights. See In the Interest of C.H.S. , No. 07-17-00117-CV, 2017 WL 6614508, at *1 (Tex. App.-Amarillo Dec. 20, 2017, no pet. h.) (mem. op.) (dismissing as moot appellant's issues concerning only personal, and not property rights following appellant's death) (citing Tyson v. Tyson , No. 05-98-01811-CV, 2001 WL 73047, at *1 (Tex. App.-Dallas Jan. 30, 2001, no pet.) (not designated for publication)). Thus, this Court's January 23, 2018 Second Order of Continuing Abatement continued to abate this case for the trial court to hold a hearing with Appellant's counsel, or to appoint new counsel, to determine whether to dismiss this appeal as moot or to order appellant to file a brief. See, e.g. , Durham v. Durham , No. 07-14-00346-CV, 2015 WL 4930981, at *1 (Tex. App.-Amarillo Aug. 14, 2015, order) (ordering appellant's counsel to file identity of estate representative for ratification of joint motion to dismiss appeal filed after appellant's death).
On January 31, 2018, a combined supplemental reporter's record was filed of two hearings held on January 26 and 30, 2018. The trial court made findings of fact on the record, including that Appellant had passed away on November 25, 2017, that the trial court had contacted Appellant's pro bono counsel, Jennifer R. Gaut, that she did not intend to pursue the appeal because it had been rendered moot, and that the trial court did not intend to appoint new counsel. The trial court also admitted several exhibits, including the Proof of Death Letter.
The order requiring Appellant to register as a sex offender only affects Appellant's personal rights, as opposed to property rights. See In the Interest of C.H.S. , 2017 WL 6614508, at *1. A case becomes moot if at any stage there ceases to be an actual controversy between the parties, and this Court has no jurisdiction to decide moot controversies. See, e.g. , Tyson , 2001 WL 73047, at *1 (citing, inter alia , Nat'l Collegiate Athletic Ass'n v. Jones , 1 S.W.3d 83, 86 (Tex. 1999) ). Because of Appellant's death, an actual controversy between the parties no longer exists, and this appeal was rendered moot. See In the Interest of C.H.S. , 2017 WL 6614508, at *1 ; see also Tyson , 2001 WL 73047, at *2 (dismissing appeal as moot after concluding that no substantial property rights were involved following appellant's death because divorce decree only disposed of community property and did not deprive appellant's estate of his separate property).
Accordingly, we reinstate this case and dismiss this appeal for want of jurisdiction as moot. See TEX. R. APP. P. 43.2(f).