

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE COMMITMENT OF | § | No. 08-22-00222-CV |
| LARRY JOHNSON. | § | Appeal from the |
| | § | 427th Judicial District Court |
| | § | of Travis County, Texas |
| | § | (TC# D-1-GN-20-007812) |

## **<u>SUBSTITUTE OPINION</u>**

We withdraw our opinion and judgment of June 19, 2023, and substitute the following opinion.

Appellant Larry Johnson's counsel has filed an unopposed motion to dismiss this appeal and the underlying cause of action based on Johnson's death during the pendency of the appeal. Appellant's counsel's motion was filed with this Court on October 27, 2023. The motion attaches a copy of a death certificate reflecting that, unbeknownst to this Court, Johnson had died on May 21, 2023, almost a month before our prior opinion and judgment were issued on June 19, 2023. We dismiss for want of jurisdiction.

Because this case appeals a civil commitment based on an adjudication that Johnson was a sexually violent predator, it involves personal rights only, not property rights. *See In re Commitment of Fisher*, 164 S.W.3d 637, 640 (Tex. 2005) (civil commitment procedure at issue is

for long-term supervision and treatment of sexually violent predators) (citing TEX. HEALTH & SAFETY CODE § 841.001). Consequently, Johnson's death mooted the entire case, depriving both this Court and the trial court of subject matter jurisdiction. *See In re J.J.H.*, 546 S.W.3d 765, 766 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (holding that analogous order requiring appellant to register as sex offender affected only personal rights, not property rights, thus appellant's death mooted appeal and made dismissal for want of jurisdiction proper); *Olson v. Comm'n for Lawyer Discipline*, 901 S.W.2d 520, 525 (Tex. App.—El Paso 1995, no writ) (holding that party's death during the pendency of the appeal required a setting aside of the trial court's judgment as no actual existing controversy remained and no property rights would be affected.).[1]

Accordingly, without reference to the merits, we withdraw our prior opinion and judgment issued on June 19, 2023, we vacate the trial court's judgment, and we dismiss the case as moot. *See* TEX. R. APP. P. 43.2(e).

GINA M. PALAFOX, Justice

November 20, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.
Rodriguez, C.J., (not participating)

---

[1] The matters mooted on appeal include Johnson's motion for rehearing filed on June 30, 2023.