Opinion issued February 25, 2025.



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00597-CV

———————————

**RICHARD LUNA, Appellant**

**V.**

**DOUGLAS SCOTT TYLER, MD AND LINDA G. PHILLIPS, MD, Appellees**

On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Case No. 18-CV-0928

## OPINION

Appellant Richard Luna, an inmate proceeding pro se, sued Appellees Douglas Scott Tyler, M.D. and Linda G. Phillips, M.D. for gross negligence, violations of 42 U.S.C. § 1983, and violations of the Texas Bill of Rights after Tyler and Phillips amputated Luna's toe and allegedly closed the wound or allowed the

wound to be closed with a piece of soap inside. Tyler and Phillips filed pleas to the jurisdiction, motions for traditional and no-evidence summary judgment, and motions to dismiss Luna's claims against them pursuant to the Texas Medical Liability Act. The trial court granted Tyler's and Phillips' motions and rendered judgment in their favor.

On appeal, Luna argues the trial court (1) abused its discretion by denying his motion to appoint him counsel, (2) erred in granting Tyler's and Phillips' motions for summary judgment, and (3) erred in sustaining Tyler's and Phillips' pleas to the jurisdiction. We dismiss as moot Luna's claim against Tyler and Phillips for violations of the Texas Bill of Rights and we vacate that portion of the trial court's judgment. We affirm the remainder of the trial court's judgment dismissing Luna's claim for gross negligence and his claim for deliberate indifference filed under 42. U.S.C. § 1983, and we affirm the trial court's denial of Luna's motion to appoint him counsel.

## Background

Appellant Richard Luna was an inmate housed at the Terrell Unit operated by the Texas Department of Criminal Justice ("TDCJ"). On October 6, 2016, he was transferred from TDCJ's Polunsky Unit to John Sealy Hospital—a hospital associated with the University of Texas Medical Branch ("UTMB")—where Luna was diagnosed with melanoma on his left great toe. Six days later, UTMB

2

employees Douglas Scott Tyler, M.D. ("Tyler") and Linda G. Phillips, M.D. ("Phillips") amputated Luna's cancerous toe. According to Luna, state-issued soap was used to clean his open wound during surgery and Tyler and Phillips closed the wound or allowed the wound to be closed with part of the state-issued soap still inside. Luna alleged that his left leg was red and swollen for weeks after the surgery, and he suffered recurring infections in his left foot.

Luna alleged that when he was transferred back to the Terrell Unit, he was not provided a wheelchair, and he was forced to walk a quarter mile on his wounded foot. According to Luna, he was denied access to a doctor and a nurse practitioner in the prison infirmary denied his request to have his "leg flushed out," prescribing him antibiotics instead and ordering that his foot be bandaged daily for fourteen days. Luna alleged the nurse gave him a shower-shoe pass and shower pass.

Luna, proceeding pro se, sued Tyler and Phillips asserting claims for gross negligence and violations of 42 U.S.C. § 1983 ("Section 1983") and the Texas Bill of Rights. He also requested prospective equitable and injunctive relief, actual damages in the amount of $2,000,000, exemplary damages in the amount of $6,000,000 based on "gross negligence, malice, or fraud," and nominal damages in the amount of $5,000.[1]

---

[1] Luna also asserted claims against Dr. Erin Jones, the Medical Director for the Terrell Unit where Luna was housed, and Victoria Williams, NP, the nurse practitioner in the prison infirmary who provided post-surgical medical care to Luna. In 2019, the

3

Tyler and Phillips filed a hybrid plea to the jurisdiction, motion for traditional and no-evidence summary judgment, and motion to dismiss all of Luna's claims against them pursuant to Section 74.361 of the Texas Medical Liability Act. The trial court granted Tyler's and Phillips' motions and rendered judgment in their favor. The relevant portion of the final judgment states:

> Considering the pleadings, Defendants' motions and pleas, and the evidence submitted with each Defendant's Plea to the Jurisdiction, Motion for Summary Judgment, and Motion to Dismiss under the Texas Medical Liability Act, the Court determines that summary judgment should be granted to Defendant Douglas Scott Tyler, M.D. for the reasons stated in his motion, and to Defendant Linda G. Phillips, M.D. for the reasons stated in her motion. The Court further determines that the Defendants' Pleas to the Jurisdiction should be sustained for the reasons stated in the pleas. The Court further determines that Defendant Douglas Scott Tyler, M.D. and Defendant Linda G. Phillips, M.D.'s Motions to Dismiss for failure to provide an expert report under Tex. Civ. Prac. & Rem. Code Chapter 74 should each be granted. It is, therefore,
>
> ORDERED that Plaintiff's claims for equitable relief under the Texas Constitution against Defendant Douglas Scott Tyler, M.D. and

trial court granted Jones' and Williams' motion to dismiss pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code, motion to dismiss for lack of jurisdiction under the Texas Tort Claims Act, and motion for summary judgment on Luna's 42 U.S.C. § 1983 claims. Luna appealed the trial court's rulings. Tyler and Phillips had not been served with process and were not parties to the appeal. This Court dismissed Luna's interlocutory appeal for lack of jurisdiction because there was no final judgment and Luna was not authorized to bring an interlocutory appeal. *See Luna v. Jones*, No. 01-19-00995-CV, 2021 WL 3775607 (Tex. App.—Houston [1st Dist.] Aug. 26, 2021, no pet.) (mem. op.). The trial court's later order rendering judgment in favor of Tyler and Phillips disposed all of claims and parties to this lawsuit and is thus a final and appealable judgment. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674 (Tex. 2004) (stating final judgment disposes of all pending parties and claims). Luna does not challenge in this appeal the dismissal of his claims against Jones or Williams.

4

Defendant Linda G. Phillips, M.D. are dismissed with prejudice for lack of jurisdiction. It is further

ORDERED that Plaintiff's claims against Defendant Douglas Scott Tyler, M.D. and Defendant Linda G. Phillips, M.D. are dismissed with prejudice for lack of jurisdiction for failure to file those claims within the applicable statute of limitations. It is further

ORDERED that summary judgment is GRANTED in favor of Defendant Douglas Scott Tyler, M.D. and Plaintiff will take nothing by his claims against that Defendant. It is further

ORDERED that summary judgment is GRANTED in favor of Defendant Linda G. Phillips, M.D. and Plaintiff will take nothing by his claims against that Defendant. It is further

ORDERED that Plaintiff's health care liability claims against Defendant Douglas Scott Tyler, M.D. and Defendant Linda G. Phillips, M.D. are DISMISSED for Plaintiff's failure to timely provide an expert report and otherwise comply with Tex. Civ. Prac. & Rem. Code Chapter 74. Tex. Civ. Prac. & Rem. Code § 74.35l(b).

This appeal followed.

## Mootness

Luna died while this appeal was pending. Tyler and Phillips argue that Luna's death mooted his claims under the Texas Bill of Rights for future medical care under theories of equity and prospective injunctive relief and "preservation of his life while in State custody" because these claims affect Luna's personal rights, not his property rights, and thus Luna's death extinguished any actual controversy between the parties regarding these claims. We agree.

5

## A. Applicable Law

Courts lack subject-matter jurisdiction to decide moot controversies. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). "A case becomes moot when there ceases to be a justiciable controversy between the parties," "the parties cease to have a legally cognizable interest in the outcome," or "events make it impossible for the court to grant the relief requested or [to] otherwise affect the parties' rights or interests." *Id.* (internal quotations omitted); *see also Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) (stating appeal moot when actual controversy ceases to exist and court's action on merits cannot affect rights of parties).

Generally, "[i]f a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive." TEX. R. APP. P. 7.1(a)(1). An appellant's death, however, will render an appeal moot when the judgment affects appellant's personal rights, as opposed to his property rights. *See In re J. J. H.*, 546 S.W.3d 765, 765–66 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (stating Rule 7.1 "does not dispense with the actual-controversy requirement, and generally an appeal will be allowed to proceed after an appellant's death only if the judgment affects appellant's property, as opposed to personal rights"); *see Brown v. Tex. Dep't of Criminal Justice*, No.

6

15-24-00045-CV, 2024 WL 5134591, at *1 (Tex. App. (15th Dist.) Dec. 17, 2024, no. pet. h.) (mem. op.) (holding appellant's death mooted appeal because appellant's "suit sought to vindicate only personal rights," not property rights).

## B.    Analysis

In his petition, Luna asserted a Section 1983 claim based on deliberate indifference to his medical needs and a claim for gross negligence. He sought actual damages, exemplary damages based on "gross negligence, malice, or fraud," and nominal damages.[2] Luna also asserted that Tyler and Phillips violated his "rights under the Texas Bill of Rights to be free from cruel and unusual punishment, to be provided adequate medical care, to equal protection of state law, and the preservation of his life while in State custody" and he requested unspecified prospective equitable and injunctive relief.[3]

---

[2]    A cause of action under Section 1983 involves two essential elements: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution, or the laws, of the United States. *Leachman v. Dretke*, 261 S.W.3d 297, 305 (Tex. App.—Fort Worth 2008, no pet.). A prison official's deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. *See Cnty. of El Paso v. Dorado*, 180 S.W.3d 854, 867 (Tex. App.—El Paso 2005, pet. denied).

[3]    *See* TEX. CONST. art. I, § 3a ("Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin."); *id.* § 13 (prohibiting infliction of "cruel or unusual punishment"); *id.* § 19 ("No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.").

An appellant's claim for damages necessarily affects the appellant's property rights. *See Casillas v. Cano*, 79 S.W.3d 587, 592 (Tex. App.—Corpus Christi 2002, no pet.) (stating appeal from money judgment rendered against appellant affected appellant's property rights and thus was not mooted by appellant's death). Luna's claims for damages based on gross negligence and violation of Section 1983 affect his property rights and thus were not mooted by his death. *See id.*

Although the Texas Constitution's Bill of Rights does not provide a private right of action for damages, a plaintiff whose constitutional rights have been violated may sue the state for equitable relief. *See City of Elsa v. M.A.L.*, 226 S.W.3d 390, 391 (Tex. 2007); *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148–49 (Tex. 1995). In this case, Luna's claims under the Texas Bill of Rights sought future medical care under theories of equity and prospective injunctive relief and "preservation of his life while in State custody." Luna's claims for prospective equitable and injunctive relief under the Texas Bill of Rights affect only Luna's personal rights, and thus, as a result of his death, there remains no actual existing controversy about future medical care or other future relief. *See id.*; *see also Brown*, 2024 WL 5134591, at *1 (holding father's petition for "writ of mandamus compelling TDCJ to provide him with information about the death of his son while in custody" was mooted by father's death because father's "suit sought to vindicate

8

only personal rights," not property rights, and thus no actual controversy between parties existed).

We thus dismiss Luna's claims for prospective equitable and injunctive relief under the Texas Bill of Rights as moot.

## Chapter 74 Expert Reports

Tyler and Phillips moved to dismiss all of Luna's claims with prejudice pursuant to Section 74.351 of the Texas Medical Liability Act ("TMLA") because Luna failed to serve them with a timely expert report. Luna, who did not address on appeal Tyler's and Phillips' motions to dismiss for failure to serve an expert report, argued to the trial court that the expert report requirement of Section 74.351 does not apply to Section 1983 claims.

### A. Standard of Review and Applicable Law

Section 74.351 of the TMLA requires a claimant who asserts a "health care liability claim" to serve one or more expert reports describing the applicable standards of care, how the defendant's conduct failed to meet those standards, and how those failures caused the claimant harm. TEX. CIV. PRAC. & REM. CODE § 74.351(a), (r)(6). If a claimant fails to serve a compliant report within 120 days after the defendant files his original answer, the trial court must dismiss the claim with prejudice and award the defendant attorney's fees and costs. *Id.* § 74.351(b).

Chapter 74 defines a health care liability claim as

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*Id.* § 74.001(a)(13). Whether a claim is a health care liability claim under the TMLA is a legal question that we review de novo. *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015). In answering that question, "we examine the underlying nature and gravamen of the claim, rather than the way it is pleaded." *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 534 (Tex. 2016). In other words, we "focus on the set of operative facts 'underlying the claim' that are relevant to the alleged injury, not on how 'the plaintiff's pleadings describ[e] the facts or legal theories asserted.'" *Collin Creek Assisted Living Ctr., Inc. v. Faber*, 671 S.W.3d 879, 885 (Tex. 2023) (quoting *Loaisiga v. Cerda*, 379 S.W.3d 248, 255 (Tex. 2012)). If those facts "*could* support claims against a physician or health care provider for departures from accepted standards of medical care, health care, or safety or professional or administrative services directly related to health care," then the TMLA applies "regardless of whether the plaintiff alleges the defendant is liable for breach of any of those standards." *Loaisiga*, 379 S.W.3d at 255 (emphasis in original); *see also Rogers v. Bagley*, 623 S.W.3d 343, 350 (Tex. 2021) (holding claim asserted under Section 1983 was health care liability claim because claim was based on health care provider's departure from accepted standards of health care).

When a claim brought against a defendant health care provider is "based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement," a rebuttable presumption arises that it is a health care liability claim under Chapter 74. *See Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 363 (Tex. 2019).

**B.     Luna Did Not Challenge the Dismissal of his Claims Pursuant to Section 74.351**

In its final judgment, the trial court (1) sustained Tyler's and Phillips' pleas to the jurisdiction and dismissed Luna's claims with prejudice, (2) granted Tyler's and Phillips' motions for summary judgment and rendered take-nothing judgments against Luna on his claims against Tyler and Phillips, and (3) granted Tyler's and Phillips' motions to dismiss Luna's claims pursuant to Chapter 74 for failure to file an expert report dismissing Luna's claims.

An appellant must attack all independent bases or grounds that support the judgment challenged on appeal. *See Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Jetall Cos., Inc. v. JPG Waco Heritage, LLC*, No. 07-20-00126-CV, 2020 WL 5036091, at *1 (Tex. App.—Amarillo June 30, 2020, pet. denied) (mem. op.) (stating "if the order or judgment under attack is founded upon multiple grounds, the appellant has the burden to establish why none of those grounds support the decision"). If the challenged judgment or order may have been based on multiple grounds and the

appellant fails to challenge every ground, the appellate court must affirm the judgment or order based on the unchallenged ground. *See Hagberg v. City of Pasadena*, 224 S.W.3d 477, 481 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (stating "when a judgment or order may have been based upon grounds not challenged on appeal, a court of appeals must normally affirm"); *Britton*, 95 S.W.3d at 681 (stating if appellant fails to "attack all independent bases or grounds that fully support a complained-of ruling or judgment," appellate court "must affirm the ruling or judgment").

Although the trial court granted judgment in favor of Tyler and Phillips on multiple grounds, Luna challenged only the trial court's order granting the pleas to the jurisdiction and motions for summary judgment. Because Luna does not challenge the trial court's dismissal of his claims against Tyler and Phillips for failure to file an expert report under Chapter 74, we must affirm the trial court's judgment on this basis. *See Hagberg*, 224 S.W.3d at 481 (holding appellate court must normally affirm judgment or order made on unchallenged grounds supporting judgment or order); *Britton*, 95 S.W.3d at 681 (holding appellate court must affirm trial court's ruling or judgment when appellant fails to attack all independent bases or grounds supporting challenged ruling or judgment); *see also Jetall Cos., Inc.*, 2020 WL 5036091, at *1 (holding if order or judgment challenged on appeal is

12

supported by multiple grounds and appellant does not challenge each ground, appellate court "accept[s unchallenged ground's] validity").

Even if Luna had challenged the trial court's order granting Tyler's and Phillips' motions to dismiss Luna's claims based on Section 74.351, Luna would not prevail on appeal because it is undisputed that Luna failed to serve Tyler and Phillips with expert reports supporting his health care liability claims against them. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(b) (stating if claimant fails to serve compliant report within 120 days after defendant files his original answer, trial court must dismiss claim with prejudice and award defendant attorney's fees and costs).

## C. Luna's Claims Against Tyler and Phillips are Health Care Liability Claims

During the hearing on Tyler's and Phillips' motions to dismiss pursuant to Section 74.351 for failure to serve them with timely expert reports, Luna, who did not file a written response to the motions, admitted he had not served Tyler and Phillips with expert reports and argued that Section 74.351's expert report requirements were inapplicable to claims asserted under Section 1983. He does not appear to have argued that the expert report requirement did not apply to his gross negligence claim.

Whether a claim is a health care liability claim depends on the nature of the claim and the operative facts supporting it, not how the plaintiff characterizes the claim. *See Loaisiga*, 379 S.W.3d at 255 (stating whether claim is health care liability

13

claims depends on set of operative facts "underlying the claim" that are relevant to alleged injury, not on how "the plaintiff's pleadings describ[e] the facts or legal theories asserted"). Thus, Section 74.351 may apply to claims asserted under Section 1983 when the gravamen of the claim is the defendant's departure from an accepted standard of health care. *See Rogers*, 623 S.W.3d at 350 (holding claim asserted under Section 1983 was health care liability claim because claim was based on health care provider's departure from accepted standards of health care).

In his petition, Luna asserted that Tyler and Phillips were grossly negligent by "leaving a bar of soap inside [Luna's] foot cavity after amputation of left great toe which soap caused [Luna] to suffer excruciating pain for months after surgery, to decline physically, and to risk of his life" and they acted with "[d]eliberate indifference to the serious medical need of post-surgery pain which caused [Luna] to suffer excruciating pain for weeks after surgery, decline physically, and to have his life placed at risk." The only underlying facts Luna alleged with regard to Tyler and Phillips are that they amputated his left great toe and "closed the wound or allowed the wound to be closed with part of the soap still inside."

Luna's claims against Tyler and Phillips are thus health care liability claims because it is undisputed they are health care providers and the facts asserted— amputating Luna's great left toe, leaving soap in the wound, and acting with deliberate indifference to the post-surgical consequences of their conduct—clearly

14

implicate Tyler's and Phillips' conduct during Luna's medical care and treatment and allege departures from accepted standards of health care for surgical patients. *See Loaisiga*, 379 S.W.3d at 252 (holding "TMLA creates a rebuttable presumption that a patient's claims against a physician or health care provider based on facts implicating the defendant's conduct during the patient's care, treatment, or confinement are [health care liability claims]"); *see also Carswell*, 505 S.W.3d at 534 (stating courts examine "underlying nature and gravamen of the claim, rather than the way it is pleaded").

Because Luna's claims against Tyler and Phillips are health care liability claims, Luna was required to serve Tyler and Phillips with timely expert reports pursuant to Section 74.351. Section 74.351 of the TMLA requires a claimant who asserts a "health care liability claim" to serve one or more expert reports describing the applicable standards of care, how the defendant's conduct failed to meet those standards, and how those failures caused the claimant harm. TEX. CIV. PRAC. & REM. CODE § 74.351(a), (r)(6) (requiring plaintiff asserting health care liability claim to serve defendant health care provider with expert report describing applicable standard of care, how defendant's conduct failed to meet those standards, and how those failures caused claimant harm). It is undisputed that Luna did not serve Tyler and Phillips with timely, sufficient expert reports addressing his health care liability claims against them. The trial court thus had no choice but to grant

15

Tyler's and Phillips' motion to dismiss pursuant to Section 74.351 and dismiss with prejudice Luna's claims against them. *See id.* § 74.351(b) (stating if claimant fails to serve compliant report within 120 days after defendant files original answer, trial court must dismiss claim with prejudice and award defendant attorney's fees and costs); *see also McBride v. Nasser*, No. 03-19-00544-CV, 2020 WL 4726743, at *1 (Tex. App.—Austin July 29, 2020, no pet.) (mem. op.) (stating "district court had no choice but to dismiss [plaintiff's] suit because [plaintiff] did not serve the statutorily required expert report").

We thus affirm the trial court's granting of Tyler's and Phillips' motion to dismiss pursuant to Section 74.351 and dismissing Luna's claims against them and we overrule Luna's challenges to the dismissal of his claims for deliberate indifference under Section 1983 and gross negligence. *See id.*; *Hagberg*, 224 S.W.3d at 481 (stating appellate courts generally affirm judgments on grounds supporting judgment that are not challenged on appeal).

### Appointment of Counsel

Luna argues that the trial court abused its discretion by denying his motion to appoint counsel because this case presents "exceptional circumstances" in which the public and private interests at stake were such that the administration of justice would be served by appointing counsel.

16

## A.	Standard of Review

Generally, a civil litigant is not entitled to court-appointed counsel. *In re State*, 556 S.W.3d 821, 827 (Tex. 2018) (citing *Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003)); *see generally Harris v. Civil Serv. Comm'n for Mun. Emps. of the City of Houston*, 803 S.W.2d 729, 731 (Tex. App.—Houston [14th Dist.] 1990, no pet.) ("Neither the Texas nor United States Constitution guarantees a right to counsel in a civil suit"). A trial court, however, may appoint counsel for an indigent party in a civil case in "exceptional" cases in which the proper administration of justice may be best served by the appointment of counsel. *See* TEX. GOV'T CODE § 24.016 ("A district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause."); *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996) (recognizing "in some exceptional cases, the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant"). Although the Texas Supreme Court has yet to identify what an "exceptional case" might entail, such circumstances are "by definition rare and unusual" and must be evaluated on a case-by-case basis. *Gibson*, 102 S.W.3d at 713 (stating that "[o]nly by evaluating the unique circumstances of a given civil case could a court ever determine that it has no reasonable alternative but to appoint counsel"); *Erazo v. Sanchez*, 580 S.W.3d 768, 771 (Tex. App.—Houston [14th Dist.]

17

2019, no pet.) (stating existence of exceptional circumstances is rare and it "may be easier to identify particular circumstances as common than to pronounce a general rule on what constitutes exceptional circumstances").

We review the denial of a motion to appoint counsel in a civil case for abuse of discretion. *See Gibson*, 102 S.W.3d at 712; *Erazo*, 580 S.W.3d at 772 (reviewing denial of motion to appoint counsel in civil case for abuse of discretion). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or fails to analyze or apply the law correctly. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

## B.  Analysis

On appeal, Luna argues that the trial court abused its discretion by denying his motion to appoint counsel because the court was required to grant his motion and appoint him counsel in light of the "exceptional circumstances" his case presents. Luna argues that his case is exceptional because he is incarcerated, he is not a "sophisticated 'jailhouse lawyer,'" his deliberate indifference claim is complex, and although he "attempted to proceed with an investigation through interrogatories, document requests, and requests for admission," he "encountered multiple obstacles, both in resistance of the defendants and in the intricacies of the discovery rules." Luna argues that although "in certain circumstances he requests the assistance of other inmate[s] to draft his paperwork, he was not able to properly present the case

to the court, secure evidence, to investigate facts, to depose witnesses, to present expert reports, etc."

Luna's incarceration, lack of legal education and training, inability to present an expert report, and difficulties with the discovery process are not unusual, nor do they present exceptional circumstances. *See Erazo*, 580 S.W.3d at 772 (stating "appellant's alleged circumstances—incarceration, native Spanish speaker, limited education, unfamiliar with legal concepts and proceedings—are not particularly rare or unusual" and holding trial court did not abuse its discretion by denying inmate's motion to appoint counsel); *see also Fairfax v. Smith*, No. 07-09-0321-CV, 2010 WL 890161, at *1 (Tex. App.—Amarillo Mar. 12, 2010, no pet.) (mem. op.) (holding trial court did not abuse its discretion when inmate complained regarding difficulties of conducting litigation from prison, inability to hire expert, lack of legal training, and complex nature of medical malpractice case). Despite his circumstances, Luna has demonstrated the ability to articulate his position and represent himself, as evidenced in part by his discovery requests to Tyler and Phillips and his appellate brief.

Luna's claims that Tyler and Phillips closed his surgical incision with a piece of soap left inside are also neither factually nor legally complex. *See Lempar v. Livingston*, 463 F. App'x 268, 270 (5th Cir. 2012) ("Section 1983 medical-needs cases generally do not present issues of sufficient complexity to rise to the level of

'exceptional circumstances.'"); *cf. Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (holding complexity of legal issues presented by Section 1983 claim alleging physician was deliberately indifferent to plaintiff's medical needs weighed in favor of appointment of counsel). Moreover, as previously discussed, Luna's Section 1983 and gross-negligence claims against Tyler and Phillips are health care liability claims and, as the Texas Supreme Court recognized, "plaintiffs in medical malpractice cases are routinely represented by counsel on contingent fee contracts" and "[a]s long as [a plaintiff's] claims against [a physician] were meritorious, [the plaintiff's] indigency should not have prevented him from employing able counsel." *Gibson*, 102 S.W.3d at 713. Section 1983 medical-needs cases and health care liability claims based on a physician's allegedly leaving a foreign object inside a surgical wound are also not unique. *See Estelle v. Gamble*, 429 U.S. 97, 105–07 (1976) (reviewing standard for claim of deliberate indifference to serious medical needs under Eighth Amendment); *Engh v. Reardon*, No. 01-09-00017-CV, 2010 WL 4484022, at *11 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, no pet.) (mem. op.) (holding trial court abused its discretion by granting Section 74.351 motion to dismiss in case where plaintiff alleged surgeons placed surgical clip on ureter during operation and failed to remove clip prior to closing); *see also Dunsmore v. Univ. of Tex. Med. Branch at Galveston*, No. 14-16-00166-CV, 2017 WL 3568519, at *3 (Tex. App.—Houston [14th Dist.] Aug. 17, 2017, no pet.) (mem. op.) ("The Texas

20

Supreme Court has further explained that 'exceptional' in this context refers to 'rare and unusual' and that inmate lawsuits against prison personnel are, to the contrary, rather common.") (quoting *Gibson*, 102 S.W.3d at 713).

Considering these circumstances, we cannot say that the trial court abused its discretion by denying Luna's motion to appoint counsel. *See Erazo*, 580 S.W.3d at 772 (holding trial court did not abuse its discretion by denying inmate's motion to appoint counsel based on lack of exceptional circumstances when inmate was incarcerated, could not read or write English, was uneducated and legally unsophisticated); *see also Fairfax*, 2010 WL 890161, at *1 (holding trial court did not abuse its discretion when inmate complained regarding difficulties of conducting litigation from prison, inability to hire expert, lack of legal training, and complex nature of medical malpractice case); *Wion v. Thayler*, No. 10-09-00369-CV, 2010 WL 4644497, at *4 (Tex. App.—Waco Nov. 17, 2010, no pet.) (mem. op.) (holding trial court did not abuse its discretion when inmate complained regarding difficulties of conducting litigation from prison without legal training in case inmate described as "seriously complex").

We overrule Luna's challenge to the trial court's denial of his motion to appoint counsel.

## Conclusion

We dismiss Luna's claims for equitable and injunctive relief for violations of the Texas Bill of Rights as moot and we vacate that portion of the judgment. We affirm the remainder of the trial court's judgment dismissing Luna's Section 1983 and gross negligence claims against Tyler and Phillips pursuant to Section 74.351, and we affirm the trial court's denial of Luna's motion to appoint counsel.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.